## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LINC-DROP, INC., A Nebraska Corporation; | ) ) ) | Case No. 4:13CV3133 |
| Plaintiff, | ) ) | |
| v. | ) ) | **PROTECTIVE ORDER** |
| CITY OF LINCOLN, et al.; | ) ) | |
| Defendants. | ) | |

Pursuant to FED. R. CIV. P. 26(c), IT IS HEREBY ORDERED:

1. Confidential Information shall be treated and designated as "Confidential" if so marked by the producing party, and shall include any information of any type, kind or character which is designated as "Confidential" by any of the supplying parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or other material, including information stored or recorded in electronic form (including DVDs, CDs, computers, networks or tapes). Documents produced in this action may be designated by either party as "Confidential" by marking the document(s) so designated with a stamp stating "Confidential." In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. In designating information as "Confidential", a party will make such designation only as to the information that it in good faith believes contains confidential information.

Information or material that is available to the public shall not be deemed confidential. Confidential Information does not include:

    A.    Information that at the time of the disclosure is in the public domain;

    B.    Information that, after disclosure, becomes part of the public domain by publication or otherwise, except through a breach or violation of the terms of this Stipulated Protective Order;

    C.    Information that is disclosed or received from a third party having legal right to transmit the same, free of any obligation of confidentiality;

    D.    Information which the receiving party can establish was in his possession prior to disclosure by a disclosing party as evidenced by the receiving party's written records or was subsequently and independently developed by the receiving party as evidenced by the receiving party's written records without the use, directly or indirectly, of information required to be held confidential hereunder; and

    E.    Information which is approved for release by the prior written authorization of the disclosing party.

Confidential Information Does Include:

    A.    All or any portion of deposition testimony in this action and the exhibits thereto which contains, discloses or reflects Confidential

2

>  Information.  Any such testimony is to be designated as Confidential Information by advising the reporter of that fact or by making such designation within 30 days of receipt of the deposition transcript. Until the expiration of such 30 day period, all deposition transcripts and exhibits thereto are to be treated as Confidential information, subject to the provisions this Order.

> B.  Summaries, abstracts, excerpts or the like of original Confidential Information and any information contained in or derived from original Confidential Information.

2.  Confidential Information shall be used only for purposes necessary for the litigation of claims between and among the parties in this action ("the Permitted Purpose") and not for any other purpose, whether business or otherwise.

3.  No copies of Confidential Information shall be made except by or on behalf of counsel for the parties and should be made only for his/her/its own use in connection with the Permitted Purpose. Copies of documents that constitute or contain Confidential Information shall be treated in the same manner as the original documents.  The attorneys for the parties shall take all steps necessary to strictly insure that, during and after the litigation of this case, no copies or reproductions of any information produced in this action shall be retained by any party or person, in any form, and that any and all such copies and reproductions are viewed only in the presence of counsel or at counsel's offices, and are otherwise retained and controlled by counsel for the parties at all times.

All documents and all notes and materials based thereon shall be returned to the party who/which produced them upon the conclusion of the litigation.

    4.    Except with the prior written consent of the producing party or non-party, Confidential Information will not be disclosed to any person other than:

    A.    Counsel for the parties in this action, including the regular staff of all such counsel to the extent necessary for the Permitted Purpose and solely for the Permitted Purpose.

    B.    The parties to the extent deemed reasonably necessary by counsel for the parties for the Permitted Purpose and solely for the Permitted Purpose. The parties may not directly or indirectly disclose any information produced in this action to any employees or agents of the parties who are not directly involved in the overall prosecution or defense of this action. Disclosure to employees of the parties who will testify at trial or in a deposition shall be limited to the extent necessary to prepare for the specific testimony by the witness. Such disclosure shall occur only after the testifying employee signs an agreement in the form attached hereto as Exhibit "A" (hereinafter "Confidentiality Agreement"). Prior to such disclosure, any such persons shall be provided with a copy of this Stipulated Protective Order by counsel proposing disclosure and, prior to such disclosure,

4

shall have signed a Confidentiality Agreement to be bound by this Stipulated Protective Order.

C. Consulting experts whose services have been retained for purpose of trial preparation or offering expert testimony at trial in this action, to the extent deemed necessary by counsel for the parties for the Permitted Purpose and solely for the Permitted Purpose. Prior to disclosure, any such persons shall be provided with a copy of this Stipulated Protective Order by counsel proposing disclosure. and, prior to such disclosure, shall have signed a Confidentiality Agreement to be bound by this Stipulated Protective Order. Counsel for the parties shall notify opposing counsel of each person who has been given access to Confidential Information pursuant to the terms of this Paragraph and opposing counsel shall be given copies of all signed Confidentiality Agreement acknowledgments confirming that any and all such persons have agreed to be bound by the terms hereof.

D. The Court, Court personnel, and jurors.

E. Court Reporters rendering services for recording or transcribing of testimony in this action, or any outside independent reproduction firm rendering reproduction services in this action.

      F.      Witnesses and their counsel to the extent deemed necessary by counsel for the parties for the Permitted Purpose and solely for the Permitted Purpose. Prior to disclosure, any such witnesses and their counsel shall be provided with a copy of this Stipulated Protective Order by counsel proposing disclosure, be advised that such witnesses and their counsel are so bound, and, prior to such disclosure, such witnesses and their counsel shall have signed a Confidentiality Agreement to be bound by this Stipulated Protective Order.

      G.      Executives or directors of any party and former City Council members who will assist with or make decisions regarding preparation for disposition or potential settlement of this case, including the Mayor and Finance Director for the City of Lincoln.

Nothing contained herein shall prevent any party from disclosing its own Confidential Information as it deems appropriate. The signed Confidentiality Agreements called for in subparagraphs (B), (C) and (F) of this Paragraph 4 shall be retained by the counsel who discloses Confidential Information to any of the persons described in such subparagraphs (B), (C) and (F) and shall be made available upon request to opposing counsel or the Court.

      5.      Confidential Information may be referred to in interrogatory answers, motions and briefs, and other pleadings, and may be used in depositions and marked as

6

deposition exhibits in this action in accordance with this Stipulated Protective Order. However, if any information or material which constitutes Confidential Information is to be included in any papers to be filed in Court, such information or material shall be labeled "CONFIDENTIAL"– NOT TO BE DISCLOSED EXCEPT SUBJECT TO COURT ORDER DATED    August 8, 2013,    and shall be filed under seal and kept under seal until further order of this Court.

      6.    A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential", the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies.  If the dispute cannot be resolved informally, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential." The objecting party shall then be required to move the Court for an order contesting the designated status of such information. Until this Court enters an order changing the designation, the material shall be treated in the manner designated by the producing party as provided in this Stipulated Protective Order.

      7.    "Finally Resolved" as used in this paragraph means to settle or obtain a judgment that is final in all respects and not subject to appeal, further appeal or possible retrial on all claims that are presently asserted or may be asserted in this action.  At the

time that this action is Finally Resolved, all Confidential Information and all copies of same (other than exhibits within the court record) shall be returned to the producing party or non-party; provided however, that parties may retain copies of briefs and other papers filed with the Court.

[At the same time, all summaries, abstracts, notes, excerpts or the like which constitute Confidential Information shall be returned or maintained by counsel in their own closed and secure file to which only counsel has access and control. At such time the party's counsel destroying all such Confidential Information shall certify in writing such destruction to counsel for the producing party or non-party.]

8. Whenever Confidential Information is to be discussed or disclosed in a deposition or other hearing or proceeding, any person who is not a party, counsel, witness, Court Reporter, Court personnel, expert witness or who is not otherwise a person entitled to receive Confidential Information shall be excluded from the room.

9. The portions of the transcripts of all testimony designated as Confidential Information shall be separately bound by the Court Reporter and marked "Confidential" "as the case may be.

10. Neither the taking nor the failure to take any action to enforce the provisions of this Order nor the failure to object to any such action or omission, shall constitute a waiver of any claim or defense in the trial of this action or any other action that any information is or is not confidential or proprietary to any party or non-party or that such information embodies any trade secrets of any party or non-party.

11.     Nothing in this Stipulated Protective Order shall prevent any party or non-party to this action from objecting to discovery (including the production of documents) which it believes to be otherwise improper.

12.     Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients who are parties to this case and, in the course thereof, relying generally on examination of stamped, confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any items so designated, except pursuant to the procedures of Paragraph 4 herein.

13.     Prior to any hearing, whether on motion or otherwise, or trial in this action, the parties shall meet and confer with one another with a view toward agreeing upon procedures for the protection of Confidential Information used in the conduct of any hearing, whether on motion or otherwise, or trial in this action.  Any party or other affected person may move the Court for an Order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at trial.  This meet and confer requirement does not apply to hearings on non-dispositive matters held in chambers prior to the trial of this matter on its merits, but, without displacing any other notice or filing requirement, shall apply to hearings on any motion for summary judgment or other dispositive motion.

14. Should any non-party (other than the producing non-party) seek access to Confidential Information, by request, subpoena, public records request, or otherwise, from any party, that party (a) shall promptly notify the party or non-party who produced the Confidential Information of the request or subpoena, and (b) shall inform the requesting party of the existence of this Stipulated Protective Order. The non-producing party shall not produce the requested Confidential Information pursuant to any such request unless and until being authorized to do so by either the party or non-party which produced the Confidential Information or further Court order.

15. This Stipulated Protective Order is without prejudice to the right of any party or producing non-party to seek relief from or modification of any provision contained herein by motion to the Court with reasonable notice to the parties, including seeking and obtaining additional protection or the subsequent elimination of protection with respect to the confidentiality of any document or discovery response upon an appropriate showing. This Court will rule upon any claim of privilege, work product or other protection from disclosure which may be made by any party or person affected herein, as such rulings become necessary or appropriate during the course of this litigation. Compliance with this Protective Order is without prejudice to the rights of any party or person to apply for other or different protection where it is deemed necessary.

16. The production of any material governed by this Protective Order is without prejudice to any claim by any party or person from whom discovery is sought

that such material is privileged and the producing party shall not be held to have waived any of its rights by such production.

17. As used in this Protective Order, the term "person" means any natural person and any corporation, business organization, or other entity, domestic or foreign.

18. This Stipulated Protective Order may be amended without leave of Court by the agreement of the undersigned counsel in the form of a stipulation that shall be filed with the Court. This Stipulated Protective Order shall remain in force and effect during the entirety of this action and thereafter, until modified, superseded or terminated on the record by the agreement of the parties hereto or by order of the Court.

BY THE COURT:

Dated: __8/8/2013_____    _____
United States Magistrate Judge

11

# EXHIBIT "A"

# CONFIDENTIALITY AGREEMENT

I, the undersigned, do hereby acknowledge that I have read the Stipulated Protective Order entered by the Court in the action of *Linc-Drop, Inc. v. City of Lincoln, et al.,* and hereby covenant, warrant and agree: (1) to abide in full by its terms regarding the confidentiality of the Confidential Information, as that term is defined in the Stipulated Protective Order, which I am being provided, and that I will not disclose or cause to be disclosed such Confidential Information to any person not permitted to receive or otherwise access such information under the Stipulated Protective Order, (2) that such Confidential Information should be used only for purposes necessary for the litigation of the claims between and among the parties to the action of *Linc-Drop, Inc. v. City of Lincoln, et al.,* and not for any other purpose, whether business or otherwise, and (3) that I will return all Confidential Information that I receive upon my having served the purpose which caused me to receive the Confidential Information in accordance with the provisions of the Stipulated Protective Order.

DATED:_____
                                      Printed Name

_____
Signature