IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LINC-DROP, INC., A Nebraska Corporation;<br><br>              Plaintiff,<br><br>     vs.<br><br>CITY OF LINCOLN, et. al;<br><br>              Defendants. | 4:13CV3133<br><br>**MEMORANDUM AND ORDER** |

The defendants have moved for an order compelling the plaintiff to produce full, unredacted copies of Plaintiff's tax returns for the 2010-2012 tax years. (Filing No. 26). The Plaintiff produced redacted copies of its 2009, 2010, 2011, and 2012 tax returns, with the unredacted portions revealing that Plaintiff's payments to the March of Dimes Foundation were reported as "Cost of Goods Sold" and that the plaintiff took no "charitable deduction" for its work and transactions with the March of Dimes. As to the redacted portions of the returns, Linc-Drop objected to producing such information, stating the requests were "overly broad, unduly burdensome, and not reasonably calculated to the discovery of admissible evidence," and sought "trade secrets, proprietary, and commercial information, which could give advantage to business competitors." (Filing No. 29-2).

The discovery rules are "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (U.S.N.Y. 1978). But "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). Having applied these legal tenets to the facts and arguments of record, the court will deny the defendants' motion to compel.

ANALYSIS

The gravamen of Plaintiff's complaint is that Lincoln, Nebraska Municipal Ordinance No. 19875, codified as Lincoln Municipal Code § 9.30 (the "Ordinance"), is unconstitutional on its face, and as applied to Linc-Drop's business.  Linc-Drop therefore seeks to enjoin the defendants from enforcing the Ordinance.  The Ordinance states:

> 9.30.030 Prohibitions.
>
> (a) No person shall place or hold out to the public any donation box for people to drop off articles of unwanted household items, clothing or other items of personal property, unless at least 80% of the gross proceeds from the sale of such items shall be utilized for charitable purposes.
>
> (b) No person shall place or maintain any donation box on any premises open to the public except when issued a permit by the Department of Building and Safety.
>
> (c) The owner, lessee, or other person in control of the property where a donation box is being maintained and the person that owns, maintains, or operates a donation box in violation of this chapter shall be jointly and severally liable for any violation of this section. (Ord. 19875 §3; April 6, 2013).

Under Ordinance, § 9.30.040 (a) and (b):

> (a) Any person wishing to place or utilize a donation box within the limits of the City of Lincoln in a place that is open to the public must obtain a Donation Box Permit from the Department of Building and Safety.
>
> (b) Only entities or organizations that have a tax status under Section 501(c)(3) of the Internal Revenue Code, as amended, or a public, parochial or private school, may apply for and obtain a permit. Proof of such tax status or that the applicant is a public, parochial or private school and a letter of authority or permission from the owner of the real property upon which the donation box is to be located must accompany an application for a permit.
>
> The stated purpose of the Ordinance is:
>
> to prevent deception and confusion of the public, prevent mistaken attempts to claim tax deductions for charitable contributions, and to support the public purposes and benefits of legitimate charitable organizations by

>prohibiting commercial enterprises from soliciting donations of household items, clothing or other items of personal property by the furnishing of commercial donation boxes on commercial properties, which result in gifts to such commercial enterprises that do not benefit charitable organizations or purposes.

Ordinance, § 9.30.20(b).

The plaintiff alleges the ordinance violates its First Amendment right to "engage in making charitable solicitations without disruption, both explicitly and by chilling such expression," and its Fourteenth Amendment rights "because it treats Linc-Drop (and March of Dimes Foundation) differently than other similarly-situated entities without providing a sufficient state interest and narrow tailoring for doing so." (Filing No. [4](), at CM/ECF p. 13).

In considering the constitutionality of the Ordinance, the court considers:

(a)  whether the State had a sufficient or "legitimate" interest;
(b)  whether the interest identified was "significantly furthered" by a narrowly tailored regulation; and
(c)  whether the regulation substantially limited charitable solicitations.

[Fraternal Order of Police v. Stenehjem, 431 F.3d 591, 596 (8th Cir. 2005)]() (interpreting [Schaumburg v. Citizens for a Better Environment, 444 U.S. 620, 629 (1980)]()).

The plaintiff argues the Ordinance is not narrowly drawn to serve the City's legitimate interests without unnecessarily interfering with First Amendment freedoms. The plaintiff claims the Ordinance is unconstitutionally vague and overbroad, and it imposes a presumptively unconstitutional prior restraint and prohibition on Linc-Drop's wholly protected speech and activities. The plaintiff further claims that "unsubstantiated state interests which lack narrow tailoring while regulating the fundamental right of free speech violate the Equal Protection clause when they attempt to single out specific

groups and provide varying levels of protection to their identical rights to free speech." (Filing No. 4, at CM/ECF p. 44).

The defendants requested production of Plaintiff's tax returns for the past three years. In response, the plaintiff produced redacted Forms 1120S for tax years 2009, 2010, 2011 and 2012; unredacted Schedule A's for 2009 and 2010; and unredacted Forms 1125-A for 2011 and 2012 – disclosing the Cost of Goods Sold claimed by Linc-Drop in the corresponding tax years. As explained in the parties' submissions, Linc-Drop collects donated items, resells them, and provides a portion of that resale amount to the March of Dimes. For tax purposes, it reports the amount sent to the March of Dimes as the Cost of Goods sold, and not as a charitable donation. Plaintiff has provided the portion of its tax returns which would verify the forgoing transaction structure and tax reporting. But Linc-Drop has refused to produce information which would directly, or through extrapolation, disclose the company's total income and monetary value.

The defendants seek an order compelling the plaintiff to disclose its gross receipts, gross profits and total income, along with its itemized business deductions such as officer compensation, salaries and rents paid, and depreciation and amortization of the plaintiff's property. But this case does not involve Linc-Drop's potential violation of the Ordinance or any potential fraudulent conduct by Linc-Drop.

The issue currently before the court is whether the Ordinance is constitutional. For that inquiry, whether and to what extent Linc-Drop's business is profitable, the value and depreciation of its property holdings, its business expenses, or the compensation provided to its officers and employees, is not relevant. And as to the issue presently before this court, it is unlikely this income and expense information will lead to the discovery of relevant information. As explained in Secretary of State of Md. v. Joseph H. Munson Co., Inc., 467 U.S. 947, 958 (1984), Linc-Drop has standing to pursue this

4

action irrespective of whether it is a charitable or for-profit entity. The extent of Linc-Drop's profit is likewise irrelevant to the issue of standing or Linc-Drop's entitlement to free speech and equal protection.

Accordingly,

IT IS ORDERED that the defendants' motion to compel, (Filing No. [26](#)), is denied.

October 31, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.