IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LINC-DROP, INC., A Nebraska Corporation,<br><br>                Plaintiff,<br><br>vs.<br><br>CITY OF LINCOLN, A political subdivision of the State of Nebraska, et al.,<br><br>                Defendants. | 4:13-CV-3133<br><br>ORDER |

    This matter is before the Court on its own motion. A motion hearing is scheduled for December 9, 2013, on the plaintiff's motion for a preliminary injunction (filing 3). The Court is considering advancement of trial on the merits and consolidation with the December 9 motion hearing.

    Fed. R. Civ. P. 65(a)(2) provides that "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." Consolidation under Rule 65 saves time and conserves judicial resources at both the trial and appellate levels. *Campaign for Family Farms v. Glickman*, 200 F.3d 1180, 1185 (8th Cir. 2000). But before such an order may issue, the parties should receive clear and unambiguous notice of the Court's intent to consolidate the trial and the hearing, either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). Specifically, because different standards of proof may apply in the hearing than in the trial, parties must be given a clear chance to object or to propose special procedures for the consolidation. *Am. Train Dispatchers Dep't of Int'l Bhd. of Locomotive Eng'rs v. Fort Smith R.R. Co.*, 121 F.3d 267, 270 (7th Cir. 1997).

    The Court intends this order to serve as such a notice. It appears, from the Court's initial review of this case, that the issues presented are susceptible to disposition by the Court as a matter of law based on the evidence already submitted. As a result, consolidation pursuant to Rule 65(a)(2) may be appropriate. *See Glickman*, 200 F.3d at 1185. Any party objecting to that procedure will be directed to show cause, on or before 3 p.m. on December 6, 2013, why consolidation would be inappropriate. The parties will also be directed to advise the Court, on or before 3 p.m. on December 6,

2013, if additional evidence or briefing would be required should trial on the merits be consolidated with the December 9 hearing.

IT IS ORDERED:

1. The parties are hereby notified that the Court is considering whether to consolidate trial on the merits with the December 9, 2013, motion hearing on the plaintiff's motion for preliminary injunction, pursuant to Fed. R. Civ. P. 65(a)(2).

2. Any party objecting to consolidation is directed to show cause, on or before 3 p.m. on December 6, 2013, why consolidation would be inappropriate.

3. The parties are directed to advise the Court, on or before 3 p.m. on December 6, 2013, if additional evidence or briefing would be required should the Court order consolidation pursuant to Rule 65(a)(2).

4. The Clerk of the Court is directed to set a show cause deadline of December 6, 2013.

Dated this 2nd day of December, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge

- 2 -